**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2021[*]
Decided April 9, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-2399

| | |
|---|---|
| BRUCE D. MELTON, <br> *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 17-2112 |
| THE PAVILION BEHAVIORAL HEALTH SYSTEM, <br> *Defendant-Appellee.* | Colin S. Bruce, <br> *Judge.* |

**O R D E R**

The Pavilion Behavioral Health System, a childcare facility, fired Bruce Melton from his kitchen job after a routine background check revealed his criminal convictions. Melton sued Pavilion for unlawful discharge. Relying on the parties' agreement to arbitrate this dispute, the district court granted Pavilion's motion to compel arbitration and, later, its motion to confirm the arbitration award in its favor. Because the parties

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

entered into an enforceable arbitration agreement and Melton presented no valid ground to vacate, modify, or correct the award, we affirm.

Pavilion hired Melton to work in its kitchen and serve meals to young residents. As a state-licensed childcare facility, Pavilion is required by the Department of Children and Family Services to run background checks on its employees. About two years into Melton's employment, and while he was on medical leave for carpal-tunnel surgery, Pavilion ran background checks on several employees, including Melton. Melton's background check revealed a criminal history that included convictions for domestic battery and sexual abuse. The Department informed Pavilion that Melton was ineligible to keep his job, so Pavilion fired him.

Legal proceedings followed. Melton filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based on his disability (carpal-tunnel syndrome). An investigator found no evidence of discrimination, closed the file, and issued a right-to-sue letter. Melton then sued Pavilion. As relevant to this appeal, he alleged that Pavilion wrongly fired him for two reasons: He was in the process of expunging his criminal record, and Pavilion had discriminated and retaliated against him for taking medical leave. Pavilion moved to compel arbitration. It submitted the form, signed by Melton when he was hired, stating that he had received a copy of Pavilion's arbitration agreement and understood that he was bound by it if he did not opt out in 30 days. The agreement required him to resolve workplace concerns, including allegations of discrimination, wrongful discharge, retaliation, disability, and common-law claims, "through final and binding arbitration and not by way of court or jury trial." Employees were not prohibited from bringing administrative claims before the EEOC. The agreement also stated that arbitration was not a condition of employment and outlined an opt-out procedure. If an employee did not opt out, "continuing [his] employment constitute[d] mutual acceptance of … th[e] Agreement." Melton did not opt out. In granting Pavilion's motion to compel arbitration, the judge explained that Melton's claims were covered by this arbitration agreement, which Melton adopted by signing the acknowledgement form and never opting out.

The arbitrator found for Pavilion because there was no evidence to support Melton's claims. Pavilion then timely moved to confirm the award in the district court. Melton responded that the arbitrator's decision was incorrect, reiterating his argument that he was wrongly fired and adding that he was entitled to proceed in court under the EEOC's right-to-sue letter. The judge granted Pavilion's motion, explaining that his review was extremely limited and that he could not decide the correctness of an

arbitration award. The judge explained that although the arbitration agreement permitted Melton to file administrative charges with the EEOC, it prohibited him from pursuing any claims in court.

On appeal Melton asks us to vacate the confirmation so that he can proceed to a jury trial. He maintains that he can litigate in court because he never signed the arbitration agreement itself (just a form that referred to it) and that the EEOC gave him a right-to-sue letter. We review de novo a district court's decision to compel arbitration. *Gupta v. Morgan Stanley Smith Barney, LLC*, 934 F.3d 705, 710 (7th Cir. 2019).

We conclude that the judge rightly confirmed the arbitration award because Melton bound himself to a valid arbitration agreement. Melton does not dispute that he signed a form acknowledging that he received a copy of the agreement and understood that, if he did not opt out within 30 days, he was bound by it. The agreement covers the claims that Melton wanted to pursue—discrimination, retaliation, and wrongful discharge. True, the form that he signed was not the arbitration agreement itself, but by signing it he committed himself to that agreement. Melton does not contend that he did not receive or could not read the arbitration agreement or that it was substantively unfair (nor could he, given its non-mandatory nature and opt-out rights). So the reference to the agreement in the signed form, and Melton's undisputed failure to opt out, bound him to the arbitration agreement. *See id.* at 714. Finally, the EEOC's right-to-sue letter did not override the arbitration agreement. It merely allowed Melton to move beyond the administrative process and pursue any rights that he may have in court. But Melton had given up those rights by previously entering into the binding arbitration agreement.

Melton next argues that, even if he is bound by the agreement, the award should be vacated because the arbitrator's decision was flawed and ignored his "overall case." But the judge correctly rejected these arguments. Under the Federal Arbitration Act, a judge must grant a motion to enter judgment on an arbitration award unless there is a basis for vacating, modifying, or correcting it. 9 U.S.C. § 9. Sections 10 and 11 provide the exclusive grounds for vacating, modifying, or correcting arbitration awards—such as fraud, corruption, bias, or disregard of the arbitration agreement. *See id.* § 10 (grounds for vacating); *id.* § 11 (grounds for modifying or correcting); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). Melton does not challenge the arbitrator's decision on any of these grounds. *See Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020) (explaining that underdeveloped arguments are considered waived). Rather, he disagrees with how the arbitrator viewed the facts of his case and

applied the law. But we must uphold an arbitration award so long as the arbitrator "is even *arguably* construing or applying the contract and acting within the scope of this authority." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013) (quotation omitted). That occurred here. And neither we nor the district court can review—let alone overturn—an award merely because the losing party believes it was incorrect. *Id.*

We have reviewed Melton's remaining arguments, and none merits discussion.

AFFIRMED